UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD L. LLOYD,

Plaintiff,

v.

NICK CHURCHILL,

Defendant.

Case No. 1:26-cv-97

Honorable Maarten Vermaat

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that he is not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.”).[1]

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will **partially dismiss** Plaintiff's complaint for failure to state a claim for the reasons detailed below.

## <u>Discussion</u>

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues **Corrections Officer Nick Churchill.**

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), “context matters” and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of “parties” and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of “the term ‘parties’ solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of ‘parties’ in other contexts”).

Plaintiff alleges that his tablet was previously confiscated while Plaintiff was housed at Lapeer Correctional Facility (TCF) under suspicion that the tablet contained unauthorized content. (Compl., ECF No. 1, PageID.3.) TCF staff investigated Plaintiff's tablet and determined that it did not contain any unauthorized content. (*Id.*) Plaintiff was subsequently transferred to KCF. (*Id.*, PageID.4.)

On August 26, 2025, Defendant Churchill called Plaintiff to the property room because Plaintiff's tablet had arrived from TCF. (*Id.*, PageID.5.) Defendant Churchill told Plaintiff that he was not going to give Plaintiff his tablet because he wanted to see why it had been taken at TCF. (*Id.*) Plaintiff responded that his tablet had already been inspected at TCF and was found to have no issues. (*Id.*) Nonetheless, Defendant Churchill told Plaintiff that he wanted to have the KCF "JPay technician check it out." (*Id.*, PageID.6.) Plaintiff then told Defendant Churchill that he would be writing a grievance against him, to which Defendant Churchill replied, ". . . you definitely won't be getting the tablet back after I get through with it." (*Id.*) Defendant Churchill told Plaintiff to leave the property room, which Plaintiff did. (*Id.*)

Two days later, Defendant Churchill informed Plaintiff that Plaintiff would be receiving a misconduct report for misuse and destruction of property for altering his tablet. (*Id.*)

Plaintiff obtained documents from TCF officials indicating that the TCF JPay technician previously found that Plaintiff's "tablet had not been altered or compromised in any way" and that Plaintiff's "tablet had been 'cleared' and uncompromised" before it was sent to KCF. (*Id.*, PageID.7.) He, therefore, believes that it was altered by Defendant Churchill. Plaintiff's tablet has not been returned to him. (*Id.*, PageID.12.)

Based on the foregoing allegations, Plaintiff seeks monetary relief. (*Id.*, PageID.13.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. First Amendment Retaliation**

Plaintiff alleges that Defendant Churchill violated Plaintiff's First Amendment right to be free from unlawful retaliation when Defendant Churchill altered Plaintiff's tablet, issued Plaintiff a false misconduct, and refused to return Plaintiff's tablet in response to Plaintiff's statement that he would be filing a grievance against Defendant Churchill. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, taking Plaintiff's allegations as true as is required at this stage, the Court finds that Plaintiff sufficiently states a claim for First Amendment retaliation.

**B. Fourteenth Amendment Violation of Due Process**

The Court will also construe Plaintiff's complaint as raising a Fourteenth Amendment claim related to the confiscation of Plaintiff's tablet.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). However, any due process claim that Plaintiff may raise concerning the deprivation of his tablet is

barred by the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

The Court notes that numerous state post-deprivation remedies are available to Plaintiff. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Nov. 13, 2023). Second, aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective May 20, 2024). And third, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state or any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480.

Here, Plaintiff does not claim that his state post-deprivation remedies are inadequate. Accordingly, the Court will dismiss Plaintiff's Fourteenth Amendment claims concerning the deprivation of his personal property.

**Conclusion**

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Further, having conducted the review required by the PLRA, the Court determines that Plaintiff's Fourteenth Amendment due process claim will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claim against Defendant Churchill will remain in the case.

An order consistent with this opinion will be entered.

Dated: November 2, 2026

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge